UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80534--CIV-HURLEY

**THE SPEAR GROUP, INC.,**
    Plaintiff,

vs.

**FLORIDA POWER & LIGHT COMPANY,**
    Defendant.
_____/

**ORDER GRANTING DEFENDANT FLORIDA POWER & LIGHT CO. [FPL]'S
MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY [23]
&
ORDER OF FINAL DISMISSAL WITHOUT PREJUDICE**

Plaintiff, The Spear Group, Inc. ("Spear"), filed this action against Defendant Florida Power & Light Company ("FPL") alleging that FPL is contractually obligated to pay Spear for temporary worker services which Spear provided to FPL through a third-party staffing company. Currently pending before the court is FPL's motion to dismiss the plaintiff's amended complaint for failure to join an indispensable party and failure to state a claim upon which relief may be granted [ECF No. 23], together with plaintiff's response in opposition [ECF No. 25] and FPL's reply [ECF No. 27]. For reasons that follow, the court has determined to grant the motion to dismiss for failure to join an indispensable party and to dismiss this action without prejudice for the plaintiff to refile suit in an appropriate forum.

**I. Background**

Spear, a Geogia corporation, is a provider of business services, including staff augmentation and project outsourcing and consulting, which recruits and assigns qualified industrial professionals

as temporary contract workers. In 2005, 2009 and 2012, Spear contracted with the Guidant Group, Inc. ("Guidant"), a Delaware staffing company that places industrial professionals in temporary positions of employment with NextEra Energy, Inc., and its subsidiaries, such as FPL, a Florida corporation. Under the "Staffing Partner Agreements" between Spear and Guidant, Spear agreed to recruit and screen temporary industrial workers for the benefit of Guidant, which would then channel the workers to NextEra pursuant to a "Managed Services Agreement" between Guidant and NextEra. If Guidant succeeded in placing a Spear worker with NextEra, Guidant would then be obligated to pay Spear based on the hours of work performed by the employee according to an agreed rate schedule. Guidant was responsible for reviewing, approving and ultimately submitting an invoice for the services on behalf of Spear to NextEra. After the invoice was submitted, either NextEra or Guidant would pay or reimburse Spear for the approved amounts.

According to the Amended Complaint, on April 30, 2013, Guidant and FPL refused to pay approved invoices for certain Spear contract employees for services provided and invoiced between February 10, 2013 and April 21, 2013 in the total amount of $288,717.02. Spear contends that Guidant and FPL instead paid only $4,617.02 for those services. Spear further alleges that FPL was aware of the written contract between Spear and Guidant, requiring Guidant to reimburse Spear for temporary workers expenses and labor services within specified time frames, and that Guidant acted as FPL's agent in making and executing that contract. [Amended Complaint, ¶ 46-48]. Spear contends that FPL was a third-party beneficiary of the Spear/Guidant contract, and as such had an independent contractual obligation to abide by its terms and requirements [¶ 48-49], or alternatively, that FPL had an implied-in-law or implied-in-fact contractual obligation to pay Spear for the

2

temporary worker expenses provided by Spear because FPL accepted the services, and it would be inequitable and unfair for FPL to retain the benefit of those services without paying for them [¶51].

On this predicate, Spear asserts the following claims against FPL: (1) breach of express contract (to wit, the Spear-Guidant "Staffing Partner Agreements," which Guidant allegedly entered as agent for FPL, and under which FPL participated as third-party beneficiary); (2) breach of implied contract, based on FPL's acceptance of benefits from Spear without payment; (3) quantum meruit and/or unjust enrichment, based on FPL's acceptance of benefits from Spear without payment; (4) tortious interference with contract, based on FPL's inducement and encouragement of Guidant to refuse payment of the amounts due, and to refuse to mediate under dispute resolution procedures required under the Spear-Guidant contract; (5) breach of an implied duty of good faith and fair dealing, based on FPL's refusal to mediate the billing dispute as required by the Spear-Guidant contract, and (6) bad faith litigation conduct, based on FPL's refusal to participate in mediation and its attempt to convert and misappropriate monies admittedly earned by Spear for the services of temporary contract workers provided to FPL.

In its current motion to dismiss, FPL argues, first, that Guidant is an indispensable party to this litigation because it is a party to the contract under which the relief is sought, i.e. the Spear-Guidant "Staffing Partner Agreements" which call for reimbursement of Spear's temporary worker service expenses by Guidant, requiring dismissal of the complaint under Rule 19 (b) of the Federal Rules of Civil Procedure. Alternatively, FPL contends that Spear's complaint must be dismissed for failure to state a claim because it does not contain allegations sufficient to establish all elements of the claims of breach of express contract; breach of a contract implied in law or a contract implied

3

in fact; quasi-contract (quantum meruit); and tortious interference; because the claim for breach of the duty of good faith and fair dealing is unaccompanied by an allegation of breach of an express contract term; and because the claim for attorneys' fees is unsupported by any Florida statute or contract term.

## II. Standard of Review

In passing upon a Rule 12(b)(6) motion to dismiss, the court must accept all of the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Edwards v. Prime, Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must include enough facts to state a claim for relief that is plausible on its face. *Id.*, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed.2d 868 ( 2009).

## III.  Discussion

Federal Rule of Civil Procedure 19 establishes a two-step inquiry to determine whether Guidant is an indispensable party to this suit. First, under Rule 19(a), the court asks whether Guidant is a "person to be joined if feasible," i.e. whether it is a "necessary party" to the litigation. A party is deemed necessary under Rule 19(a) (1) if:  (1) its absence will prevent the court from granting complete relief to the existing parties, or (2)  the party claims an interest relating to the subject matter of the action and its absence in the litigation may (i)  as a practical matter impair or impede its ability to protect that interest, *or*  (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. See Fed. R. Civ. P. 19(a) (1); 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal

4

Practice and Procedure Section §1604 (2nd ed 1997). If the court concludes that Guidant is a necessary party under Rule 19(a) (1), then it must order its joinder, if feasible. Fed. R. Civ. P. 19 (a) (2). If the court concludes that Guidant is a necessary party, but that its joinder is not feasible, then under Rule 19(b) it must then determine whether, "in equity and good conscience," the action should proceed among the existing parties without it or be dismissed. Fed. R. Civ. P. 19(b). *Enza Inc. v. We the People, Inc.*, 838 F. Supp. 975, 977 (E.D. Pa. 1993).

**1.  Necessary Party - Rule 19(a)**

As a threshold matter, the court finds that Guidant is a necessary party to this litigation under Rule 19(a) (1) (B) (i), under the plain terms of which it is sufficient that a judgment in favor of Spear in this action "may as a practical matter impair or impede" Guidant's ability to protect any interest that it holds with respect to Spear.

In reaching this conclusion, the court observes, first, that Spear did not directly enter into any express contractual agreement with FPL: the only express contracts alleged in this action are between (1) Spear and Guidant, and (2) Guidant and FPL. Spear is suing to recover monies allegedly owed under its contract with Guidant. To recover from FPL for this alleged breach, Spear will have to show that Guidant was FPL's agent for purpose of binding FPL to the Spear-Guidant Staffing Partner Agreements.

In order to resolve this dispute, the court will have to adjudicate the rights of Guidant and Spear under the Staffing Partner Agreements, as well as the terms and conditions of the Managed Services Agreement between Guidant and FPL. Guidant's interests under both agreements will be adversely affected if Spear prevails in this litigation, because a favorable decision for Spear against

5

FPL must necessarily be based on the legal conclusion that Guidant acted as FPL's agent in entering the Staffing Partner Agreements.  As a result, Guidant may very well be bound by the result in this action under the doctrines of *res judicata* and collateral estoppel, which apply not only to the actual parties to litigation but also to those in privity with the parties.  Thus, as a practical matter, Guidant would be left without an opportunity to defend its interests in this litigation.  Applying Rule 19 (a) (1) (B) (i),  the court therefore believes that Guidant's absence in this action will "as a practical matter impair or impede its ability to protect its claimed interest."

This conclusion is in accord with the general rule, in breach of contract actions, that all parties to the contract are deemed necessary ones to the litigation.  *See Acton Co. of Mass. v Bachman Foods, Inc.*, 668 F.2d 76, 78-79 (1st Cir. 1982).

Because it is a necessary party, under Rule 19 (a) (2) Guidant must be joined as a party defendant if feasible.  However, as Spear has acknowledged, Guidant's presence in the suit destroys diversity jurisdiction – the sole asserted basis for federal jurisdiction – because Guidant's principal place of business is Georgia, the same state as Spear's place of incorporation and principal place of business [Amended Complaint, ECF No. 21 at 1 n. 1].  *See* 28 U.S.C. § 1332(c)(1) (noting that for purposes of diversity jurisdiction, a corporation is deemed to be citizen of both its state of incorporation and state of its principal place of business); *McNair v. Synapse Group Inc.*, 672 F.3d 213 (3d Cir. 2012); *McMillian v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839 (7th Cir. 2009); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242 (115h Cir. 2005); *Taylor v. Appleton*, 30 F.3d 1365 (11th Cir. 1994).

### 2. Rule 19(b) - Indispensable Party

Having determined that Guidant is a necessary party, to be joined if feasible under Rule 19(a), and that its joinder is not feasible in this litigation, the court now turns to the issue of whether Guidant is indispensable to this suit under Rule 19(b). This analysis is done on a case-by-case basis, *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19, 88 S. Ct. 733, 743, 19 L.Ed.2d 936 (1968). In reaching a determination on the issue of "indispensability," the court must consider the following four factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b). The Supreme Court has identified four corresponding interests which are promoted by these four factors: (1) the interest of the absent party; (2) the defendant's interest in avoiding inconsistent relief, multiple litigation or sole responsibility for a liability which it shares with an absent party; (3) the interests of the public and the courts in consistent, complete, and efficient settlement of cases, and (4) the plaintiff's interest in having an appropriate forum. *Provident,* 390 U.S. at 108-11; 88 S. Ct. at 737-39.

In this case, the circumstances are such that factor one – prejudice to Guidant – closely parallels the court's analysis as to whether Guidant is a necessary party pursuant to Rule 19(a). As discussed above, Guidant was a party to the Staffing Partner Agreements with Spear under which damages are sought in this action, allegedly acting as agent for FPL with authority to bind its

7

principal to the terms and conditions of the agreements.  Thus, a favorable ruling for Spear in this action would necessarily be prejudicial to Guidant, who would at least be potentially liable under the ruling as a party in privity with FPL.  Therefore, Guidant has an interest in the outcome of this litigation.  *See Acton*, 688 F.2d at 81; *F & M Distributers, Inc. v. American Hardware Supply Co.*, 129 F.R.D. 494 (W.D. Pa. 1990); *Rivera Rojas v. Lowen Group, Int'l, Inc.*, 178 F.R.D. 356 (D.P.R. 1998) (intermediary contracting party necessary for finding of breach); *Travelers Indem. Co. v. Household Intern., Inc*. 775 F. Supp. 518 (D. Conn. 1991) ("[A] contracting party is the paradigm of an indispensable party")*; Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, Inc.,* 456 F. Supp. 831, 836 n. 7 (D. Del. 1978)(if "the rights sued upon arise from a contract, all parties to the contract must be joined").

      The second factor for consideration is the extent to which measures may be taken to avoid any prejudice, and the corresponding interest is the existing defendant's interest in avoiding inconsistent relief, multiple litigation or sole responsibility for a liability which it shares with an absent party.  *Provident,* 390 U.S. at 110, 88 S. Ct. at 738.  Spear does not suggest any means by which the court could tailor relief in this case so as to avoid the prejudice which proceeding with an incomplete federal action might work on FPL by subjecting it to inconsistent obligations.  For example, the federal court might order FPL to pay the outstanding sum allegedly due, while a state court, considering a claim by FPL against Guidant in a subsequent proceeding, might find Guidant (and FPL) had no obligation to pay Spear for the amount allegedly due, thereby depriving FPL of a mechanism for sharing liability with a potentially responsible party.  At the same time, none of the concerns about incomplete relief, inconsistent obligations or prejudice would be present in a single

lawsuit in state court. Therefore, factor two favors finding Guidant to be indispensable.

The third factor is whether a judgement rendered without Guidant in this action will be adequate. The corresponding *Provident* interest is that of the public and the courts in the complete and efficient settlement of controversies. *Provident,* 390 U.S. at 111, 88 S. Ct. at 739. If res judicata did not apply, Spear would remain free, in principle, to initiate yet another suit on its claim against Guidant. The public interest in avoiding piecemeal and inefficient litigation is particularly strong where, as here, it is apparent that a state court action could adjudicate the entire controversy. *See Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co.*, 417 F.2d 1113, 1115 (7th Cir. 1969). Thus, this factor also favors a finding of indispensability.

Finally, the court considers whether Spear will have an adequate forum if the action is dismissed. *Provident,* 390 U.S. at 109, 88 S. Ct. at 738. Spear does not show that it will be unable to obtain relief on its claims in state court. The existence of an adequate state proceeding to which all interested parties could be joined confirms the court's conclusion that this action should be dismissed. Thus, this factor also supports a finding of indispensability.

## IV. Conclusion

Based on the foregoing, the court concludes that Guidant is both a necessary and indispensable party to this action. Accordingly, the court shall grant defendant FPL's motion to dismiss the action for failure to join an indispensable party under Rule 19(b), making it unnecessary for the court to reach the defendant's alternative challenges to the sufficiency of allegations of the complaint.

It is accordingly **ORDERED AND ADJUDGED**:

1. The defendant's motion to dismiss for failure to join an indispensable party under Fed. R. Civ. P. 19(b) [ECF NO. 23] is **GRANTED.**

2. This action is **DISMISSED WITHOUT PREJUDICE** for plaintiff to re-file its complaint in an appropriate forum.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 23rd day of January, 2014.

_____
Daniel T. K Hurley
United States District Judge

cc. All counsel